Scott N. Hunt, OSB #923433
shunt@busseandhunt.com
BUSSE & HUNT, LLC
1025 American Bank Building
621 SW Morrison Street
Portland, OR 97205
Telephone: (503) 248-0504
      Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDELTON DIVISION

| | |
|---|---|
| BRYN BROWNING,<br><br>      Plaintiff,<br>v.<br><br>HERMISTON SCHOOL DISTRICT, a municipal corporation; TRICIA MOONEY, individually and in her official capacity; and, JAKE BACON, individually and in his official capacity,<br><br>      Defendants. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(42 U.S.C. § 1983 Due Process; 42 U.S.C. § 1983 Liability Interest; Disability Discrimination/ Retaliation; FMLA/OFLA Discrimination/ Retaliation; Wrongful Discharge; Intentional Infliction of Emotional Distress; Reckless Infliction of Emotional Distress) |

Plaintiff alleges:

## I.

## JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to the authority of 42 U.S.C. § 1983 for deprivation of constitutional rights secured to Plaintiff under the Fourteenth Amendment of the United States Constitution and for disability discrimination under the Americans With

Page 1 - COMPLAINT AND DEMAND FOR JURY TRIAL

Disabilities Act, 42 U.S.C. § 12110, *et seq*.  Plaintiff also brings supplemental state claims under Oregon's state ORS chapter 659A for discrimination/retaliation due to disability, and/or retaliation for requesting and/or taking FMLA/OFLA medical leave; for common law wrongful discharge; and for common law intentional infliction of emotional distress and/or reckless infliction of emotional distress.  This court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331.  This court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

2.	The acts and omissions complained herein were committed in the District of Oregon.

## II.

## PARTIES

3.	Plaintiff is a resident and citizen of the State of Oregon.

4.	Defendant Hermiston School District ("the District") is an Oregon municipal corporation.  At all material times Defendant District acted through agents and employees who at all material times acted within the course and scope of their authority for said Defendant pursuant to its actual or *de facto* policies, practices, customs or usages, and under color of state law.  Defendant Dr. Tricia Mooney ("Mooney") upon information and belief is a resident and citizen of the State of Oregon; and at all materials times acted under color of state law as the Superintendent of Defendant District.  Defendant Jake Bacon ("Bacon") upon information and belief is a resident and citizen of the State of Oregon; and at all material times acted under color of state law as the District's Director of Human Resources.

Page 2 -   COMPLAINT AND DEMAND FOR JURY TRIAL

### III.

### STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Due Process)

5.  Plaintiff realleges paragraphs 1 through 4.

6.  Plaintiff was employed by Defendant District as the Assistant Superintendent from July 1, 2008 until her contract was not renewed as a result of Defendant Mooney requesting the Board vote to not renew her contract on or about March 8, 2021. As a result, despite Plaintiff's attempt to resign, Defendant District on March 8, 2021 voted to not renew her contract and thus Plaintiff will be terminated by Defendant District on or about June 30, 2022.

7.  At all material times, Plaintiff maintained a property interest in her employment.

8.  Prior to her termination, Plaintiff was denied her right to due process under the United States Constitution when she was not presented with what were the allegations and/or evidence against her used by the District and Defendant Mooney to justify Plaintiff's termination both at the February 5, 2021 meeting, when Defendant Mooney first informed Plaintiff of her intention to seek the non-renewal of her contract and at the Board meeting on or about March 8, 2021. At the Board meeting she was presented with several allegations of performance issues of which she had not previously been made aware of; some allegations she had no prior notice of were made to the Board; and she was not given access to documents or other evidence provided to the Board until just a few moments, which did not allow her to review the material, before her ten-minute presentation to the Board. Thus, Defendants failed to provide adequate notice and an opportunity for a fair hearing in violation of the due process clause of the 14th Amendment to the

Page 3 -   COMPLAINT AND DEMAND FOR JURY TRIAL

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR  97205
Telephone (503) 248-0504

U.S. Constitution.  By way of example, Defendant violated due process by:

(a) making its termination decision and deliberating about the decision before the due process hearing occurred;

(b) failing to provide appropriate notice of the charges and an adequate explanation of the charges and evidence against Plaintiff;

(c) failing to disclose all concerns or complaints considered by the Board in reaching its termination decision; and/or

(d) failing to provide impartial decisionmakers.

9. The deprivation of Plaintiff's due process rights was the product of the custom, policy, or practice of the District.

10. As a result of said violations of her due process rights and/or liberty interests and the discrimination and/or retaliation and the associated termination, Plaintiff has suffered and will continue to suffer economic loss if not newly employed by June 30, 2022, in an amount to be proven at trial, which amount is alleged to be $50,000, including owed back pay for periods from the March 2021 non-renewal to her June 30, 2022 termination, plus any resulting economic loss post-termination.

11. As a further result of said deprivation of rights, discrimination, retaliation and termination, Plaintiff has suffered and will continue to suffer emotional distress and injury to reputation all to her damage in the sum of $900,000.

12. Said acts were wanton and wilful and Defendants Mooney and Bacon should each be assessed punitive damages in an amount to be set by a jury, which amount is alleged to be $75,000 each.

Page 4 -   COMPLAINT AND DEMAND FOR JURY TRIAL

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR  97205
Telephone (503) 248-0504

13. Plaintiff is entitled to her reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Liberty Interest)

14. Plaintiff realleges paragraphs 1 through 13.

15. At all relevant times, Plaintiff had liberty interests in her professional reputation and her ability to pursue her chosen occupation that were protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

16. Acting under color of state law, Defendants deprived Plaintiff of those liberty interests by publicizing stigmatizing statement(s) regarding Plaintiff and/or by refusing to allow her to resign and instead voting to not renew her contract.

17. The statements and/or non-renewal instead of resignation injured Plaintiff's reputation and interfered with her obtaining a new position. The deprivation of Plaintiff's liberty rights was the product of the custom, policy, or practice of the District.

## THIRD CLAIM FOR RELIEF

(Whistleblower – ORS 659A.203)

18. Plaintiff realleges paragraphs 1 through 17.

19. Plaintiff made complaints about mistreatment, verbal abuse, harassment, discriminatory conduct and/or retaliation in the workplace by Defendant Mooney and Defendant Bacon and other members of management condoning and/or participating in such conduct, including but not limited to Tort Claim Notices served on July 27, 2021 and again on January 12, 2022. By doing so, Plaintiff reported what she reasonably believed to be Defendants' mismanagement and/or abuse of authority regarding improprieties in the performance of their

Page 5 - COMPLAINT AND DEMAND FOR JURY TRIAL

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR 97205
Telephone (503) 248-0504

duties and/or employees' duties and/or a violation(s) of federal and/or state law, rule or regulation.

20. Plaintiff's internal grievances and/or reports of what she in good faith believed was mismanagement and/or an abuse of authority resulted in being subjected to unfair treatment, abuse, and/or retaliatory treatment by Defendants. The unfair and/or retaliatory treatment included but was not limited to:

(a) subjecting her to a hostile and/or retaliatory work environment before and after her first Tort Claim Notice ("TCN");

(b) subjecting her to disparate and retaliatory treatment after her TCNs;

(c) subjecting her to disparate and retaliatory scheduling;

(d) depriving her of training opportunities;

(e) by stripping her of her duties and responsibilities;

(f) by forcing her to use leave to her detriment and/or mischaracterizing her leave and/or denying her absence requests;

(g) by excluding her from meetings she previously attended regularly;

(h) refused to sign an accident report for February 18, 2021;

(i) revoked the resignation option given to Plaintiff on February 19, 2021;

(j) refused to provide guidance on "continuing medical condition documentation and process" required by the District;

(k) reprimanded Plaintiff for time off after her fall and injury on February 18, 2021;

(l) denied knowledge of her physical injury from her fall on February 18, 2021;

(m) creating a hostile and/or retaliatory work environment, and/or by intimidating her, publicly embarrassing and/or humiliating her, demeaning her, and/or subjecting her to

Page 6 -   COMPLAINT AND DEMAND FOR JURY TRIAL

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR  97205
Telephone (503) 248-0504

        disparate and/or unwarranted criticism in an attempt to cause her to quit; and/or

(n)      by constructively demoting her;

(o)      terminating her employment effective on or about June 30, 2022.

21.      the hostile and/or retaliatory work environment included, but was not limited to:

(a)      inconvenient, or more burdensome and/or disparate scheduling;

(b)      excluding her from attendance at professional conferences;

(c)      restricting and/or eliminating access to email, personnel files, professional items, and/or performance files;

(d)      instructing others not to talk to her; nor her to others unless they approached her first;

(e)      being ostracized and/or treated as persona non grata;

(f)      being treated in a degrading and/or demeaning manner; and/or

(g)      being treated as if management was trying to force her to quit.

22.      Defendants engaged in the retaliatory conduct alleged in paragraphs 20 and 21 in retaliation for Plaintiff engaging in the whistleblowing activity alleged in paragraphs 19.

23.      Plaintiff served a timely Tort Claim Notice on or about July 27, 2021 and a second one on January 12, 2022 and timely commenced this action.

24.      Plaintiff is entitled to an award of her reasonable attorneys' and expert witness fees pursuant to ORS 659A.885 and ORS 20.107.

### FOURTH CLAIM FOR RELIEF

(Reporting Violation of State or Federal Law – ORS 659A.199)

25.      Plaintiff realleges paragraphs 1 through 11, 19, 20 and 21, 22, 23 and 24.

Page 7 -   COMPLAINT AND DEMAND FOR JURY TRIAL

26. By making the complaints, reports and TCNs alleged in paragraph 19, Plaintiff in good faith reported information that she believed was evidence of a violation of a state or federal law, rule or regulation.

27. Defendants retaliated against Plaintiff as alleged in paragraphs 20 and 21 for reporting the violations of state and/or federal law, rule or regulation.

## FIFTH CLAIM FOR RELIEF

(Disability Discrimination/Retaliation – ORS 659A.030)

28. Plaintiff realleges paragraphs 1 through 11, 19, 20, 21, 23 and 24.

29. Plaintiff has long-haul COVID or post-acute sequelae of SARS-COV-2 infection ("PASC") which is an impairment that substantially limits her in one or more major life activities and/or bodily functions, including but not limited to the respiratory system, breathing and at times focusing, concentrating and/or short-term memory.

30. Prior to Plaintiff's termination, Plaintiff informed Defendants she had COVID and/or long-haul COVID syndrome that would require medical attention and/or time off work.

31. As a result of Plaintiff's informing Defendants that she had COVID, long-haul COVID, and/or needing time off work because of those conditions, Defendants perceived Plaintiff to be disabled.

32. Defendants discriminated against Plaintiff in one or more of the following ways on account of her disability, record of disability, or perceived disability:

(a) it failed to reasonably accommodate Plaintiff;

(b) it failed to engage in the interactive process with Plaintiff to identify a reasonable accommodation; and/or

Page 8 -   COMPLAINT AND DEMAND FOR JURY TRIAL

(c) it terminated Plaintiff in substantial part because of her disability, perceived disability, and/or record of disability; and/or because she required and/or requested accommodation; and/or because she needed an accommodation, including but not limited to time off work.

### SIXTH CLAIM FOR RELIEF

(Disability Discrimination - ADA)

33. Plaintiff realleges paragraphs 1 through 11, 19 through 22, 23, 24 and 29 through 32.

34. Plaintiff is entitled to her reasonable attorneys' fees, litigation expenses and costs pursuant to 42 USC § 12205.

### SEVENTH CLAIM FOR RELIEF

(Oregon Family Leave Act – ORS 659A.150 *et seq.*)

35. Plaintiff realleges paragraphs 1 through 11, 19, 20, 21, 23, 24, 29, 30, 31 and 32.

36. Prior to Plaintiff's termination, she inquired about and/or submitted a request for family medical leave in order to seek treatment for and/or recover from her own serious health condition. Plaintiff took medical leave from approximately December 1, 2020 until she returned to work approximately December 28, 2021, at which time she continued to take intermittent leave.

37. Defendants discriminated against Plaintiff in one or more of the following ways:

(a) defendants interfered with and/or denied Plaintiff family medical leave, to which she was entitled under ORS Chapter 659A; and/or

(b) defendant terminated Plaintiff in substantial part because she inquired about

Page 9 -   COMPLAINT AND DEMAND FOR JURY TRIAL

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR  97205
Telephone (503) 248-0504

and/or submitted a request for and/or took family medical leave as alleged in paragraph 36.

### EIGHTH CLAIM FOR RELIEF

(Aiding and Abetting – Defendants Mooney and Bacon)

38. Plaintiff realleges paragraphs 1 through 11, 16 through 37.

39. Defendant Mooney and Defendant Bacon aided, abetted, incited, compelled and/or coerced the discrimination and/or retaliation alleged above, and this court should order all appropriate injunctive and equitable relief, in addition to any jury award of economic damages and/or emotional distress.

### NINTH CLAIM FOR RELIEF

(Wrongful Discharge)

40. Plaintiff realleges paragraphs 1 through 11, 16, 17, 19, 20, 21, 22, 23, 24, 26, 27, 29, 30, 31, 36 and 37.

41. A substantial factor in Plaintiff's termination was her taking leave due to COVID and/or complying with COVID regulations or CDC health recommendations as alleged above in paragraph 29, 30 and 36, her good faith reporting of illegal activity as alleged in paragraphs 19 and 26; and/or her opposition to Defendant District condoning unlawful discrimination, harassment and/or retaliation.

### TENTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

42. Plaintiff realleges paragraphs 1 through 9, 11, 15, 16, 17, 19, 20, 21, 22, 23 and 39.

Page 10 -  COMPLAINT AND DEMAND FOR JURY TRIAL

Busse & Hunt, LLC
1025 American Bank Building
621 SW Morrison street
Portland, OR  97205
Telephone (503) 248-0504

43. During Plaintiff's employment, Defendants engaged in conduct, as alleged in 8, 20, 21, 22, 27, 32 and 37 that was (a) intended to inflict severe emotional distress on Plaintiff, and/or (b) committed with knowledge that they were substantially certain would result in severe emotional distress to Plaintiff.

44. Defendants' conduct was an extraordinary transgression of socially tolerable behavior.

45. Defendants' conduct caused Plaintiff to suffer severe emotional distress.

## ELEVENTH CLAIM FOR RELIEF

(Reckless Infliction of Severe Emotional Distress)

46. Plaintiff realleges paragraphs 1 through 9, 42 through 45.

47. Defendants acted in deliberate disregard that their conduct would cause Plaintiff to suffer severe emotional distress.

## IV.

## DEMAND FOR JURY TRIAL

48. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for judgment as alleged in the claims stated above.

DATED this 4th day of February, 2022.

> BUSSE & HUNT, LLC
>
> s/ Scott N. Hunt
> SCOTT N. HUNT, OSB #923433
> shunt@busseandhunt.com
> Of Attorneys for Plaintiff

Page 11 -  COMPLAINT AND DEMAND FOR JURY TRIAL